IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENNIS REYNOLDS on behalf of himself individually, and ALL OTHERS SIMILARLY SITUATED | § § § § § | Civil Action No. |
| Plaintiffs, | § § | |
| v. | § § | COLLECTIVE ACTION (JURY TRIAL) |
| E TRANSPORT CARRIERS and PHB INC. | § § § | |
| Defendants. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1.     E Transport Carriers and PHB Inc., do not pay their Yard Drivers overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA).  Instead, E Transport Carriers and PHB Inc., pays its Yard Drivers straight time, not time and a half for overtime hours worked.  Because these workers are employees under the FLSA, Dennis Reynolds, and the other Yard Drivers are entitled to recover unpaid overtime as well as other damages.

2.     E Transport Carriers and PHB Inc., have a policy, enforced at all of its locations throughout the United States, denying Plaintiffs and putative class members compensation at time and a half, and paying only straight time for hours worked above forty (40) per week.

3. Defendant E Transport Carriers is a foreign corporation with locations throughout Texas and the United States. E Transport Carriers may be served with process through its Registered Agent, Corporation Services Company at 1201 Hays Street, Tallahassee, Florida 32301.

4. Defendant PHB Inc., is a domestic company with locations throughout Texas. It may be served with process through its Registered Agent, Pam H. Burdick at 4710 Shavano Oak, Suite 102, San Antonio Texas 78249.

5. Whenever in this complaint it is alleged that the named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

6. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r). Additionally, under 29 C.F.R. 791.2(b)(1)(3), when the "employers are not completely disassociated with respect to the employment of particular employees, and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by or is under common control with the other employer," a joint employment relationship exists. Here, E Transport Carriers and PHB Inc., are joint employers as the term "joint employer" is defined by the Fair Labor Standards Act and interpreted by the United States Department of Labor. 29 C.F.R.791.2(b)(1)(2).

7. To be clear, this complaint and the allegations contained herein are of the conduct of Defendant E Transport Carriers and PHB Inc., who maintained a uniform pay policy denying

overtime wages to its Yard Drivers and paying them only straight time for hours worked above forty at all of its locations throughout the United States of America.

8. Defendant PHB Inc., is a staffing company that hired Plaintiff and issued his paychecks.

9. Defendant E Transport Carriers employed Plaintiff at its Texas location and managed Plaintiff throughout the course and scope of his employment.

10. Putative class members are all similarly situated Yard Drivers hired by PHB Inc. who worked at E Transport Carriers and were paid straight time instead of time and a half for hours worked above forty (40) per week.

## JURISDICTION AND VENUE

11. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

12. Venue is proper because defendants have locations in the Southern District of Texas and many of the relevant facts occurred there.

## PARTIES

13. Dennis Reynolds worked E Transport Carriers and PHB Inc. as a Yard Driver. His written consent is attached.

14. Plaintiff was hired by PHB Inc., and employed by E Transport Carriers at its Texas location. The type of work performed by plaintiff was consistent with non-exempt employment under the FLSA. Defendants are therefore obligated to pay its non-exempt employees overtime under the FLSA.

15. The "FLSA Class Members" are all Yard Drivers who were hired by PHB Inc. and employed by E Transport Carriers Inc. at all locations throughout the United States, while not being paid time and a half for overtime hours worked in the last 3 years.

**FACTS**

16. Dennis Reynolds was an employee of E Transport Carriers and PHB Inc.

17. Dennis Reynolds was not an independent contractor.

18. No exemption to the provisions of the FLSA excused defendants from its obligation under the FLSA to pay Dennis Reynolds time and a half for the hours worked past forty (40) each week while employed by defendants.

19. E Transport Carriers and PHB Inc. paid Plaintiff Dennis Reynolds straight time, not time and a half, for the hours he worked above forty (40) during his employment with defendants.

20. Dennis Reynolds was employed by Defendants as a Yard Driver from July 7, 2015 to December 1, 2016.

21. Plaintiff's job duties consisted of bringing loaded trailers to the dock door and moving trailers to other docks.

22. Plaintiff never drove trailers or truck off the premises of E Transport Carriers Inc.

23. Plaintiff was never expected to drive vehicles off the premises of E Transport Carriers Inc.

24. The work performed by Plaintiff was an essential part of the services provided for Defendants' Customers.

25. E Transport carriers and PHB Inc.'s Yard Drivers relied on Defendants for their work.

26.     E Transport Carriers and PHB Inc. determined where its Yard Drivers worked and how they performed their duties.

27.     E Transport Carriers and PHB Inc. set Yard Drivers' hours and required them to report to work on time and leave at the end of their scheduled hours.

28.     E Transport Carriers and PHB Inc.'s Yard Drivers at all locations work exclusively for E Transport Carriers and PHB Inc. since they work between 10 and12 hours a day, as a practical matter, they cannot work anywhere else.

29.     Yard Drivers are not permitted to hire other workers to perform their jobs for them.

30.     The Yard Drivers do not employ staff, nor do they maintain independent places of business.

31.     Yard Drivers employed by defendants are paid based upon the hours they work. They cannot earn a "profit" by exercising managerial skill, and they are required to work the hours required by E Transport Carriers and PHB Inc. each day.

32.     The Yard Drivers employed by Defendants cannot suffer a loss of capital investment. Their only earning opportunity is based on the number of hours they were told to work, which is controlled exclusively by E Transport Carriers and PHB Inc.

33.     E Transport Carriers and PHB Inc. pay their Yard Drivers in return for their labor.

34.     E Transport Carriers and PHB Inc. deducted taxes from the paychecks of Plaintiff and similarly situated employees.

35.     E Transport Carriers and PHB Inc. keep records of the hours it instructed its Yard Drivers to work.  It also keeps records of the amount of pay plaintiffs and putative class members receive.  Plaintiffs and putative class members were paid directly via bi-weekly pay check.

36.      Despite knowing of the FLSA's requirements and that Plaintiff and putative class members regularly worked more than 40 hours in a workweek, Defendants paid them straight time instead of time and a half for the overtime hours that they worked.

37.     Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

### COLLECTIVE ACTION ALLEGATIONS

38.     In addition to Dennis Reynolds, defendants employed dozens of other Yard Drivers throughout the United States. These employees worked over forty hours per week and were paid straight time instead of time and a half for overtime hours worked.  These FLSA Class Members performed similar job duties and they were subjected to the same unlawful policies. The FLSA Class Members are similarly situated to Dennis Reynolds.

39.     The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).  Therefore, the class is properly defined as:

**All Yard Drivers hired by PHB Inc. who worked at E Transport Carriers at all of its locations throughout the United States while receiving straight time instead of time and a half for overtime hours worked in the last three years.**

### CAUSE OF ACTION – VIOLATION OF THE FLSA

40.     By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, E Transport Carriers and PHB Inc. violated the FLSA.

41.     E Transport Carriers and PHB Inc. owe Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

42.     E Transport Carriers and PHB Inc. knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA.  Its failure to pay overtime to Plaintiff and the FLSA Class Members is willful.

43.     E Transport Carriers and PHB Inc. owes Plaintiff and the FLSA Class Members for an amount equal to all unpaid overtime wages as well as liquidated damages.

44.     Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### PRAYER

Plaintiff prays for relief as follows:

1.  An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2.  Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3.  An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4.  All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

Respectfully submitted:
THE FOLEY LAW FIRM
By: */s/ Taft L. Foley II*
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com